JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTON W. WIAND, as Receiver on behalf of EQUIALT FUND, LLC; EQUIALT FUND II, LLC; EQUIALT FUND III, LLC; EA SIP, LLC; EQUIALT QUALIFIED OPPORTUNITY ZONE FUND, LP; EQUIALT SECURED INCOME PORTFOLIO REIT, INC.; and their investors<br><br>*Plaintiffs*,<br><br>v.<br><br>PAUL R. WASSGREN; FOX ROTHSCHILD LLP; AND DLA PIPER LLP (US),<br><br>*Defendants*. | Case No. 2:20-cv-08849-AB-PVC<br><br>**ORDER <u>GRANTING</u> PLAINTIFF'S MOTION TO DISMISS AND MOTION TO DISMISS COUNTERCLAIMS WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, AND <u>DENYING</u> DEFENDANTS' MOTION TO TRANSFER AND MOTION TO COMPEL ARBITRATION** |

Before the Court are Plaintiff Burton W. Wiand, Receiver's ("Plaintiff" or "Receiver") Motion to Dismiss Without Prejudice ("Motion," Dkt. No. 30) and Motion to Dismiss Counterclaims (Dkt. No. 43), both for lack of subject matter jurisdiction, and Defendants' Fox Rothschild LLP, DLA Piper LLP (US) and Paul R. Wassgren ("Defendants") Motion to Transfer to the United States District Court for the Middle District of Florida (Dkt. No. 28) and Motion to Compel Arbitration (Dkt. No. 29). Oppositions and Replies were filed for all Motions. The Court will resolve the Motions without oral argument and **<u>VACATES</u>** the hearing set for February 26,

2021. *See* Fed. R. Civ. P. 78, Local Rule 7-15. The Receiver's Motion to Dismiss Without Prejudice and Motion to Dismiss Counterclaims are **GRANTED**, and Defendants' Motion to Transfer and Motion to Compel Arbitration are **DENIED**.

## DISCUSSION

This case arises out of an SEC Enforcement Action against Florida-based private real estate firm EquiAlt, LLC, its principals, and Investment Funds for whom the Receiver was appointed, that is pending in the United States District Court for the Middle District of Florida ("Florida Court"). The Florida Court appointed the Receiver, authorizing him to institute actions on behalf of the Investment Funds.

On September 28, 2020, the Receiver commenced this action on behalf of the Investment Funds. On December 30, 2020, upon realizing that this Court lacked subject matter jurisdiction, the Receiver commenced an identical action in Los Angeles County Superior Court. On January 12, 2021, the Defendants filed their Motion to Transfer. On January 13 and 29, 2021 the Receiver filed a Motion to Dismiss Complaint Without Prejudice and a Motion to Dismiss Counterclaims, seeking dismissal of this entire action in favor of his Superior Court action.

All parties agree that this Court lacks subject matter jurisdiction over this case; they disagree about what action the Court should take. The Receiver argues that the Complaint (and Defendants' Counterclaims) should be dismissed so he can pursue his claims in Superior Court. The Receiver argues that his appointment authorized him to pursue claims anywhere, and that his choice of a Superior Court forum should be respected. Defendants contend that, in the interests of justice, the Court should transfer this case to the Florida Court under 28 U.S.C. § 1631 so that Defendants can avail themselves of more favorable Florida law and will not have to litigate related claims in different courts across the country, and in the interest of judicial economy.

When the Court lacks subject matter jurisdiction, it must dismiss the case pursuant to Fed. R. Civ. P. 12(h)(3), or "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . .

could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

Having considered the interests of justice in light of the parties' arguments, the Court will dismiss this action so that the Receiver may pursue his claims in his ongoing Superior Court action. This action involves claims under California law, many California witnesses (and some neighboring state witnesses), legal work performed in this state, and hundreds of California investors (but only 32 Florida investors). Because of the connection between the claims and the state of California, the Receiver wishes to pursue his claims in California. The Receiver filed this action in federal court mistakenly believing subject matter jurisdiction existed, but once he realized this Court lacked subject matter jurisdiction, he promptly filed an identical action in state court and sought dismissal of this case. In short, the Receiver simply seeks to correct an error to secure venue in his preferred state.

Defendants argue that this case should be transferred to Florida because that is where the SEC Enforcement Action is pending, and because Florida may permit them certain defenses there not available in California. However, the Receiver always had the option to file his case in Superior Court, and Defendants can seek a transfer to the Florida Court only because the Receiver mistakenly filed this action in this federal Court. Had the Receiver originally filed this case in Superior Court, Defendants would have no occasion to make their transfer argument. The Receiver's easily-corrected mistake should not thwart his forum preference. Defendants' preference for a Florida venue is not sufficient to warrant an interests-of-justice transfer under § 1631. Defendants contend that litigating this case in Superior Court would overburden them or thwart judicial economy, but such arguments are better made to the appointing court in the context of the SEC Enforcement Action.

The Court will also dismiss Defendants' counterclaims without prejudice for lack of subject matter jurisdiction, and deny as moot Defendants' motion to compel arbitration.

**CONCLUSION**

The Court **ORDERS** as follows:

- The Receiver's Motion to Dismiss (Dkt. No. 30) is **GRANTED**
- The Receiver's Motion to Dismiss Counterclaims (Dkt. No. 43) is **GRANTED**.
- The Defendants' Motion to Transfer (Dkt. No. 28) is **DENIED**.
- Defendants' Motion to Compel Arbitration (Dkt. No. 29) is **MOOT** and on that basis is **DENIED WITHOUT PREJUDICE**.

Therefore, the Receiver's Complaint and Defendants' Counterclaims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: February 24, 2021

Hon. André Birotte Jr.
United States District Judge